```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
VERONICA VITE HERNANDEZ,

                         Plaintiff,            **MEMORANDUM**
          - v -
                                                CV-14-4469 (WFK)(VVP)
FIVE GREEN FIELDS LLC, et al.,

                         Defendants.
-----------------------------------------------------------x
```

At the initial conference in this matter, the defendants brought to the court's attention that the plaintiff had not alleged that she had received a right-to-sue letter with respect to the Title VII claims that she was asserting in this action. The plaintiff's counsel acknowledged that a right-to-sue letter had not yet issued despite the plaintiff's request to the Equal Employment Opportunity Commission (the "EEOC"). Because the Title VII claims were the sole basis for federal jurisdiction, I asked that counsel submit letter briefs on the question whether the absence of a right-to-sue letter was fatal to the court's subject matter jurisdiction.

Pursuant to the court's direction, counsel have submitted letters on the issue. See Dkt. Ents. 17, 18, 19. As pointed out by the plaintiff, the Second Circuit has specifically held that "a plaintiff's failure to obtain a notice-of-right-to-sue-letter is not a jurisdictional bar, but only a precondition to bringing a Title VII action that can be waived by the parties or the court." *Pietras v. Bd. of Fire Comm'rs of Farmingville Fire Dist.*, 180 F.3d 468, 474 (2d Cir. 1999). Thus, courts have entertained Title VII claims despite the absence of a right-to-sue letter. *See, e.g., Pietras*, 180 F.3d at 474; *E.E.O.C. v. Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers, Local 580*, 139 F. Supp. 2d 512, 520 (S.D.N.Y. 2001).

Fortunately, the issue has been largely put to rest by more recent events. After the parties submitted their initial letters, the plaintiff filed a letter advising the court that the EEOC on January 13, 2015 issued the right-to-sue letter that had been requested. Accordingly, the plaintiff has now met the precondition for pursuing her Title VII claims, and since the absence of the letter did not preclude the court's subject matter jurisdiction when the action was filed, there is no impediment to the case continuing now in this court.

        **SO ORDERED:**

        *Viktor V. Pohorelsky*
        VIKTOR V. POHORELSKY
        United States Magistrate Judge

Dated:    Brooklyn, New York
          February 10, 2015